**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

MARIO GARCIA-FALCON,                    )
                                        )
             Petitioner,                )
                                        )
v.                                      )        Case No. CIV-26-480-J
                                        )
MARKWAYNE MULLIN, et al.,               )
                                        )
             Respondents.               )

## <u>ORDER</u>

Petitioner Mario Garcia-Falcon, a citizen of Mexico, is currently in the custody of Immigration and Customs Enforcement (ICE). He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking release, or in the alternative, a bond hearing. [Doc. No. 1]. The matter was referred to United States Magistrate Chris M. Stephens consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Stephens issued a Report and Recommendation [Doc. No. 13] recommending that the Court: (1) grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release him if he has not received a lawful bond hearing within that period; and (2) order Respondents to certify compliance by filing a status report within seven business days of the Court's order. Petitioner filed a timely partial objection to the Report and Recommendation [Doc. No. 14], and Respondents filed a timely objection [Doc. No. 15], triggering de novo review. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

For the reasons discussed below, the Report and Recommendation is ADOPTED, and the Petition is GRANTED to the extent it alleges Petitioner's lack of bond hearing violates federal law.

Petitioner entered the United States "without inspection or admission over 20 years ago." [Doc. No. 1 ¶ 22]. On December 18, 2025, Petitioner alleges he was "arrested for a traffic offense in Arcadia, Florida" and then "transferred to ICE custody the following day." *Id.* ¶ 24. That same day, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. [Doc. No. 11 at 13; Doc. No. 11-1 at 1]. At some point in time after his arrest, Petitioner filed an Application for Cancellation of Removal. [Doc. No. 11 at 13]. Petitioner is currently in ICE custody and is detained at the Diamondback Correctional Facility in Watonga, Oklahoma. *Id.*; [Doc. No. 1 ¶ 25].

Respondents object to Judge Stephens' conclusion that § 1226(a) controls Petitioner's detention. Respondents insist that § 1225(b)(2)(A) controls because Petitioner is an applicant for admission and that section unambiguously requires all applicants for admission to be subject to mandatory detention. *See* [Doc. No. 15 at 2–10]. Although employing a de novo review, the Court declines to engage in lengthy analysis here.[1] This Court, and indeed most courts in this circuit and nationwide, have repeatedly concluded that § 1226(a) controls in this situation. *See Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026) (collecting cases).

---

[1] "[N]either 28 U.S.C. § 636(b)(1) nor Fed. R. Civ. P. 72(b) requires the district court to make any specific findings; the district court must merely conduct a de novo review of the record." *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000). Indeed, the circuit court has upheld district court orders which "merely repeated the language of § 636(b)(1) to indicate its [de novo] compliance." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995) ("[I]t is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis.").

Unless the Tenth Circuit and/or Supreme Court hold differently, the matter is well settled in this Court and further discussion is unwarranted.

Petitioner has not received a bond hearing, and Respondents raise no objection challenging their obligation to provide bond hearings for noncitizens under § 1226(a).  Therefore, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates § 1226(a) of the Immigration and Nationality Act.

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 13] on de novo review and GRANTS Petitioner's Petition in so far as it finds Respondents violated the Immigration and Nationality Act.  The Court, therefore, ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days of the date of this Order, or otherwise release Petitioner if he has not received the hearing within that period. Respondents shall certify compliance by filing a status report within seven business days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 21st day of April, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

3